755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT DUANE THRUSH, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1048
 United States Court of Appeals, Sixth Circuit.
 1/18/85
 
 Before: KENNEDY, Circuit Judge; and PHILLIPS and EDWARDS, Senior Judges.
 PER CURIAM.
 
 
 1
 Appellant appeals from the District Court's order affirming the Secretary's denial of petitioner's application for Social Security disability benefits.
 
 
 2
 Appellant filed his application for disability insurance benefits and for Supplemental Security Income on August 27, 1979, claiming that since April of 1973 he had been unable to work due to hypertension and heart disease. This application was denied and appellant filed for reconsideration, adding claims of disability based on eye disease, lung disease, and alcoholism. Again, he was denied benefits. The denial was affirmed by an Administrative Law Judge and then by the Appeals Council. On appeal to the District Court, the denial was initially reversed, granting appellant both disability insurance benefits and Supplemental Security Income benefits. The District Court found that there was no substantial evidence to support the administrative finding of no disability.
 
 
 3
 The Secretary petitioned the District Court for reconsideration, requesting that the court specifically address the question of when appellant's disability commenced. Since appellant's insured status had ended on June 30, 1978, onset of disability subsequent to that date would not entitle him to disability benefits. After reviewing the record, the District Court concluded that there was substantial evidence to support a finding that appellant was not disabled due to alcoholism prior to June 30, 1978. The District Court therefore modified its earlier decision and upheld the denial of disability insurance benefits.
 
 
 4
 Our review is limited to determining whether the District Court correctly concluded that substantial evidence appears in the record to support the denial of benefits. See Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 103 S. Ct. 2428 (1983). Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 5
 The record contains a report by Dr. James O'Brien which is based on an evaluation of appellant made between June 26 and July 4, 1978. The report states in part: 'At one time he was thought to be an alcoholic as well and received some brief treatment. His drinking pattern was essentially perhaps once a week to really over indulge and get really drunk. This has been much less of a problem in the past year.'
 
 
 6
 We believe that this statement of Dr. O'Brien's is adequate to support the conclusion that petitioner was not disabled by alcoholism prior to June 30, 1978. Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 7
 EDWARDS, dissenting.
 
 
 8
 The record in this case convinces me that appellant Thrush has been disabled from all gainful employment by alcoholism since the id-1970's. A reading of the entire testimony of Dr. O'Brien supports this conclusion, in spite of the comment from him quoted by the majority. So does much other evidence in this record.
 
 
 9
 I recognize the serious social problem involved in establishing benefits for alcoholics. As I see the matter, however, that is a problem for Congress--not for this court.[1] I feel that the footnoted findings which follow require this court to conform to the stated congressional policy.
 
 
 
 [1]
 Congress has made the following findings on the problem of alcoholism:
 The Congress finds that--
 (1) alcohol is one of the most dangerous drugs and the drug most frequently abused in the United States:
 (2) approximately ten million, or 7 percent, of the adults in the United States are alcoholics or problem drinkers;
 (3) it is estimated that alcoholism and other alcohol related problems cost the United States over $43,000,000,000 annually in lost production, medical and public assistance expenditures, police and court costs, and motor vehicle and other accidents;
 (4) alcohol abuse is found with increasing frequency among persons who are multiple-drug abusers and among former heroin users who are being treated in methadone maintenance programs;
 (5) alcohol abuse is being discovered among growning numbers of youth;
 (6) alcohol abuse and alcoholism have a substantial impact on the families of alcohol abusers and alcoholics and contributes to domestic violence;
 (7) alcohol abuse and alcoholism, together with abuse of other legal and illegal drugs, present a need for prevention and intervention programs designed to reach the general population and members of high risk populations such as youth, women, the elderly, and families of alcohol abusers and alcoholics; and
 (8) alcoholism is an illness requiring treatment and rehabilitation through the assistance of a broad range of community health and social services and with the cooperation of law enforcement agencies, employers, employee associations, and associations of concerned individuals.
 42 U.S.C. Sec. 4541(a) (1982) (emphasis added).